Filed 12/2/22  P. v. Rybicki CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C096240 |
| Plaintiff and Respondent, | (Super. Ct. No. 62162204) |
| v. | |
| NEIL SCOTT RYBICKI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Neil Scott Rybicki has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

Defendant was arrested after breaking into an elderly couple's private residence. He was additionally linked to multiple commercial and residential burglaries.

1

Defendant pleaded no contest to one count of first degree burglary (Pen. Code, § 459)[1] and one count of second degree burglary (§ 459), and provided a waiver under *People v. Harvey* (1979) 25 Cal.3d 754. He further admitted he had sustained a prior serious felony conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a prior felony conviction (former § 667.5, subd. (b)) as to both counts. Defendant agreed to serve a total of 10 years four months in state prison.

At sentencing, the parties agreed that defendant's stipulated sentence should be reduced to nine years four months in light of recent changes to section 667.5. The trial court sentenced defendant to an aggregate term of nine years four months, consisting of the middle term of four years for first degree burglary, doubled to eight years due to the prior strike, and one-third of the middle term for second degree burglary, doubled to 16 months by the prior strike. The trial court also awarded defendant a total of 1,035 days of credit, imposed fees and fines, ordered defendant to pay victim restitution, and issued a 10-year criminal protective order.

After section 1203.4b came into effect, defendant petitioned to expunge the two burglary convictions on the ground that he had successfully participated in the California Conservation Camp program. The trial court denied the petition without prejudice, concluding dismissal of defendant's crimes was "clearly not in the interest of justice." In reaching this decision, the trial court noted defendant's crimes "were very serious" and found defendant had "not yet demonstrated the ability to be successful on parole or remain crime free." Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Defendant's counsel filed an opening brief that sets forth the facts of the case and requests this court to review the

---

[1] Undesignated statutory references are to the Penal Code.

record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant's counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, but defendant has not done so. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


        /s/
EARL, J.


We concur:


    /s/
RENNER, Acting P. J.


    /s/
KRAUSE, J.

3